# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAM KAZRAN, | : | |
|     *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-5129 |
| | : | |
| STEVE SILVERIO, et al., | : | |
|     *Defendants*. | : | |

## MEMORANDUM

**JONES, II  J.**                                                                                           October 26, 2020

## I.   INTRODUCTION

Plaintiff Sam Kazran ("Plaintiff") originally filed this breach of contract action in the Circuit Court of the 4th Circuit of Florida. Defendants Steven Silverio and Devon Auto, LLC (collectively, the "Defendants") removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.  *See* Notice of Removal ("Removal"), ECF No. 1).  Thereafter, Plaintiff filed the instant Motion to Remand (ECF No. 2) based on the 30-day limitations period of 28 U.S.C. § 1446(b).  The Court has carefully considered the Parties' submissions and decides the matter without oral argument.[1]  For the reasons set forth herein, Plaintiff's Motion to Remand is granted.

## II.   FACTUAL BACKGROUND

This lawsuit arises out of an alleged breach of contract between Plaintiff and Defendants. In 2005, Defendant Silverio moved from Florida to Pennsylvania and purchased interest in a retail motor vehicle business known today as Devon Auto, LLC.  (*See* Removal, Ex. A at 2 (copy of original state court complaint)).  In December of 2017, Defendant Silverio invited Plaintiff to join the organization.  (Removal, Ex. A at 2).  Defendant Silverio allegedly offered Plaintiff a 25%

---

[1] *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

interest in the company in exchange for his services. (Removal, Ex. A at 2). In January of 2018, Plaintiff became an employee of Defendant Devon. (Removal, Ex. A at 3).

In April of that year, Defendant allegedly advised Plaintiff he would not agree to give 25% interest in Defendant Devon but offered Plaintiff a 50% partnership if Plaintiff agreed to purchase another dealership in New Jersey. (Removal, Ex. A at 3). Plaintiff claims that each Party submitted $50,000 as a cash deposit for the business and that Defendant Silverio took Plaintiff's deposit of $50,000 after the Parties subsequently agreed to cancel. (Removal, Ex. A at 3-4). Further, Plaintiff claims that Defendant Devon failed to pay Plaintiff wages and agreed to expenses totaling another $58,470, as well as to the cancellation of his required health insurance coverage. (Removal, Ex. A at 4).

**III.  PROCEDURAL HISTORY**

On June 23, 2019, Plaintiff initiated the current action against Defendants in the Circuit Court of the 4th Circuit of Florida. (*See* Mot. Remand, Ex. A (copy of the original state court complaint)). On July 1, 2019, Plaintiff's attorney sent Defendants' counsel a copy of the Summons and Complaint, as well as the proposed Notice of Commencement and request for waiver of Service of Process. (*See* Mot. Remand, Ex. B (copy of email dated July 1, 2019)). On July 29, 2019, Plaintiff mailed Defendants directly with a Notice of Lawsuit, Request for Waiver of Service, and the Complaint, which arrived on August 2, 2019. (*See* Mot. Remand, Ex. C (copy of Notice of Commencement of Lawsuit to each Defendant, together with the mailing receipt and online proof of delivery)). Then, on October 15, 2019, Plaintiff formally served Defendants. (*See* Mot. Remand, Ex. D (copy of Statements of Service upon each Defendant)).

On November 1, 2019, Defendants filed to remove the case from the Circuit Court of the 4th Circuit of Florida to the District Court for the Eastern District of Pennsylvania based on diversity jurisdiction; further, Defendants explained that they removed the case to the Eastern

District, rather than to the Middle District of Florida, because the Florida courts lacked personal jurisdiction over them.  (*See* Removal 1-4).

Thereafter, Plaintiff filed the instant Motion to Remand (ECF No. 2) on November 29, 2019.  In the Motion, Plaintiff claims that Defendants did not file for removal within the 30-day requirement because Defendants received the Complaint in July.  (Mot. Remand 4-5).  Plaintiff further argues that personal jurisdiction is established in Florida by several car sales in the state from Defendants.  (Mot. Remand 5).

Defendants then filed a response opposing Plaintiff's Motion on December 19, 2019, adding a letter on January 28, 2020.  (*See* Defendants' Response in Opposition to Plaintiff's Motion to Remand ("Defs.' Resp. Opp'n"), ECF No. 5).  Therein, Defendants argue that removal was proper because the requirements for diversity jurisdiction were met.  (Defs.' Resp. Opp'n 6).  Further, Florida courts could not establish personal jurisdiction over them as Defendants conduct no business in Florida, own real estate, nor own any other businesses in the state.  (Defs.' Resp. Opp'n 7).  Furthermore, Defendants argue that pursuant to 28 U.S.C. § 1446(C)(3) [sic] that the case became removable 30 days after service, as that is when they could ascertain whether the case was removable.  (Defs.' Resp. Opp'n 8).  Finally, in the additional letter, Defendants request that the Court dismiss the Motion to Remand due to Plaintiff's counsel—who is unbarred in the Commonwealth of Pennsylvania—allegedly writing Plaintiff's Motion for him, which would violate Rule 5.5 of the Rules of Professional Conduct, as well as Local Rule of Civil Procedure 83.5.2(b).  (Defs.' Resp. Opp'n 2).  Defendants argue that "it is also clear that a *pro se* litigant did not write this motion . . ." and that Plaintiff's counsel's signature and name on the Motion, along with his service of the Motion to Defendants, prove that he wrote it, not Plaintiff.  (Defs.' Resp. Opp'n 2).  This matter is now ripe for review.

## IV.     STANDARD OF REVIEW

"Except as otherwise expressly provided by Act of Congress, any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Corporations are citizens of their State or State(s) of incorporation and the State where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63, standardized how courts evaluate the amount in controversy requirement for removal actions.[2] This provision, codified at 28 U.S.C. § 1446(c)(2), states the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).[3] If the initial pleading seeks "nonmonetary relief" or "the State practice does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "removal of the action is proper . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.* (emphasis added). Pennsylvania Rules of Civil Procedure state that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Pa. R. Civ. P. 1021(b). Therefore, Plaintiff's failure to demand a specific sum falls within the exception provided in 28 U.S.C. § 1446(c)(2)(A)(ii), and Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C.

---

[2] *See Heffner v. LifeStar Response of N.J.*, No. 13-0194, 2013 WL 5416164, at *10 (E.D. Pa. Sept. 13, 2013) (discussing the Federal Courts Jurisdiction and Venue Clarification Act); *Frank Bryan, Inc. v. CSX Transp., Inc.*, No. 13-363, 2013 WL 16224886, at *5 (W.D. Pa. Apr. 15, 2013) (same).
[3] The provision applies to all cases filed after January 6, 2012.

§ 1446(c)(2).  In doing so, a defendant must be mindful that "estimations of the amounts recoverable must be realistic.  The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts []." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." S*amuel-Bassett*, 357 F.3d at 396 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## V.      DISCUSSION

### A.      Remand is proper because Defendants failed to file a timely removal.

In the Motion to Remand, Plaintiff claims that, because Defendants were delivered the Complaint on August 2, 2019, they should have filed for removal by September 1, 2019.  (Mot. Remand 4).  In Defendants' response, they do not deny they received the Complaint on August 2, 2019.  Instead, Defendants claim interprets 28 U.S.C. § 1446(b)(3) to mean that removal is proper 30 days after they could ascertain it to be removable, and that they could not ascertain it to be removable until October 16, 2019.  (Defs.' Resp. Opp'n 7-8).

28 U.S.C.A. § 1446(b)(3) reads as follows: "[E]xcept as provided in subsection (c), *if the case stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant . . . a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3) (emphasis added).  Thus, 28 U.S.C.A. § 1446(b)(3) applies where a plaintiff has amended a case that could not be removed to make it removable; it does not mean whenever one subjectively realizes a case could be removed, they then have an additional 30 days to remove it.  Plaintiff never

amended his Complaint; the initial complaint was one that was removable. Thus, 28 U.S.C.A. § 1446(b)(3) is inapplicable.

If a case was *initially* removable, then § 1446(b)(1) applies. "[T]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading[.]" 28 U.S.C.A. § 1446(b)(1). Thus, the question is not about when Defendants subjectively knew the case was removable, but rather, about when Defendants received the Complaint.

A writ of summons alone cannot be the initial pleading that triggers the 30-day period for removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005); *see also Lane v. CBS Broad. Inc.*, No. 08-CV-0777, 2008 WL 910000, at *5 (E.D. Pa. Apr. 2, 2008) (stating that a "writ of summons alone" refers to a writ of summons not served with a complaint). Instead, the "initial pleading" required by the statute is a copy of the complaint. *Id.* However, the relevant language, "receipt by the defendant, through service or otherwise," clearly does not require service. *Maglio v. F.W. Woolworth Co.*, 542 F. Supp. 39, 41 (E.D. Pa. 1982). The time for removal commences when an agent of the corporation receives the complaint. *Id.* The burden of proof is on the removing party to establish that it complied with the statute's requirements. *Blow v. Liberty Travel, Inc.*, 550 F. Supp. 375 (E.D. Pa. 1982). Furthermore, "it is well settled that removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

In the present case, Plaintiff includes evidence that he mailed the Complaint to Defendants directly with his Notice of Lawsuit and a Request for Waiver of Service of Process, which arrived on August 2, 2019. (*See* Mot. Remand, Ex. C). Defendants do not claim they were not in possession of the Complaint on that day; instead, Defendants claim that removal was proper 30

days after formal service of process on October 16, 2019, because this was when Defendants could ascertain whether the case was removable. (Defs.' Resp. Opp'n 5; Notice of Removal 4-5). As precedent shows, formal service is not when the 30-day period commences, but when the defendant is in possession of the complaint. Defendants have not offered evidence to suggest they were not in possession of the Complaint on August 2, 2019, as Plaintiff's evidence submits. Therefore, Defendants should have filed for removal by September 1, 2019. Accordingly, Defendants have failed to meet their burden of proof that they complied with the statute's requirements.

Even if the Florida state courts do not have personal jurisdiction over Defendants as they argue, a delay of the 30-day requirement is sufficient grounds to remand the case to state court. *Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.*, 461 F. Supp. 994, 996 (E.D. Pa. 1978). As such, the argument that Florida courts lack personal jurisdiction over Defendants is moot, and this case shall be remanded.

> **B.   Defendants' request that the Motion to Remand be dismissed because of the alleged conduct of an unauthorized attorney is denied.**

Defendants allege that Plaintiff's counsel, Mr. Demetriou ("Counsel"), authored the instant Motion to Remand—not Plaintiff proceeding *pro se*—which violates Rule 5.5 of the Rules of Professional Conduct and Local Rule of Civil Procedure 83.5.2(b). (Defs.' Resp. Opp'n 2). Plaintiff admits that Counsel is not authorized to practice in this jurisdiction but contends that he, himself, is proceeding *pro se*. (Mot. Remand 1-2). Defendants state "it is clear that a *pro se* litigant did not write this motion, as it was served by counsel to Defendants' counsel . . . and had been discussed by both counsel prior to filing of same." (Defs.' Resp. Opp'n 1). Moreover, Defendants claim that Counsel's signature and name on the Motion further prove his involvement in its drafting. (Defs.' Resp. Opp'n 1).

Rule 83.5.2(b) of the Local Rules of Civil Procedure states that "[A]n attorney who is not a member of the bar of this Court shall not actively participate in the conduct of any trial or pre-trial or post-trial proceeding before this Court[.]" Pa. R. Civ. P. 83.5.2. Similarly, Rule 5.5 of Pennsylvania's Rules of Professional Conduct states that a lawyer from another jurisdiction who is not suspended in any other jurisdiction may only provide legal services on a temporary basis in several narrow situations. Pa. Rules of Pro. Conduct r. 5.5.

"Federal courts have inherent authority to supervise the conduct of attorneys appearing before them." *Jordan v. Phila. Hous. Authority*, 337 F. Supp. 2d 666, 671 (E.D. Pa. 2004). In analyzing an attorney's conduct pursuant to Rule 83.5.2,[4] the Court in *Gsell v. Rubin & Yates* provided a five-factor test to determine whether an attorney is taking an "active role" in the case. *Gsell v. Rubin & Yates*, 41 F. Supp. 3d 443, 450 (E.D. Pa. 2014). The factors are: whether the attorney: (1) refrained from direct client contact; (2) refrained from contact with opposing counsel; (3) did not sign or draft substantial portions of pleadings, especially the complaint; (4) restricted his participation in the case to reviewing motions, drafting internal memos, and advising lead counsel, such that his work was supervised by, and ultimately "filtered through" the lead counsel; and (5) recorded only a modest number of hours on a case, relative to lead counsel and other admitted attorneys working on a case. *Id.* In that case, the Court found the following: (i) the attorney was the only counsel of the plaintiff; (ii) the defendant dropped out early, so factor two did not weigh for or against him; (iii) the plaintiff's submissions referred to the attorney as the plaintiff's counsel; (iv) the plaintiff's attorney did several acts including organizing the facts of the case and composing most of the materials submitted to the court (including the complaint); and (v) the plaintiff's attorney recorded 86% of the hours on the case. *Id.* at 450-51. Together, the

---

[4] The Court stated that the analysis for PRCP 5.5 appears to be the same. *Gsell v. Rubin & Yates*, 41 F. Supp. 3d 443, 447 n.4 (E.D. Pa. 2014).

factors showed that the attorney in question had taken an active role in the case, violating Rule 83.5.2. *Id.*

Turning to the present case, factors one and two weigh heavily against Plaintiff. Counsel is the only attorney to work with Plaintiff, and Counsel is contacting opposing counsel to discuss the Motion to Remand and for purposes of service. Further, factor three weighs heavily against Plaintiff in that the caption of Plaintiff's Motion refers to Counsel as his attorney in this case.

However, Defendants have not shown that Counsel "composed most of the materials" by authoring the Motion to Remand. The caption above the Motion is not dispositive of whether Counsel wrote the Motion. Further, Counsel's signature at the bottom of the Motion only certified that he mailed a copy of the Motion to Remand to Defendants' counsel—not that he wrote the Motion. (Mot. Remand 6). This is also not evidence that Counsel authored the Motion to Remand either. More is needed than just the assumption that a *pro se* litigant "clearly" did not write a document. Thus, the fourth factor has not been proven. Likewise, the fifth factor has also not been proven. As the Court will not assume Counsel authored this Motion, the Court can see no potential imbalance between Plaintiff's work in drafting the Motion and Counsel's work in serving Defendants and advising Plaintiff in his drafting. Therefore, two significant factors of the *Gsell* test are not established. Accordingly, Defendants' request for the Court to reject Plaintiff's Motion to Remand and mark the Notice of Removal as unopposed must be denied.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.
